**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OCTAVIO VAZQUEZ PLAZA, | No. 09-73115 |
| Petitioner, | Agency No. A092-835-993 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Octavio Vazquez Plaza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") denial of his motion to reopen. We have jurisdiction

under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen, *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion by dismissing Vazquez Plaza's appeal from the IJ's denial of his motion to reopen on the ground that he did not demonstrate prima facie eligibility for relief under 8 U.S.C. § 1182(h)(1)(B), where he failed to provide sufficient evidence of the hardship that would be faced by his new qualifying relatives in the event of his removal. *See Malty v. Ashcroft*, 381 F.3d 942, 947-48 (9th Cir. 2004) (petitioner demonstrates prima facie eligibility for relief countenancing reopening where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied); 8 U.S.C. § 1182(h)(1)(B) (listing hardship to qualifying relatives as statutory requirement for relief).

Because the BIA dismissed Vazquez Plaza's appeal on the ground that he failed to demonstrate prima facie eligibility for relief, it did not err by declining to reach the IJ's alternative, discretionary ground for denial of the motion to reopen. *See INS v. Doherty*, 502 U.S. 314, 323 (1992) (listing three grounds upon which the agency may deny a motion to reopen).

**PETITION FOR REVIEW DENIED.**

09-73115